Matter of Dixon (2020 NY Slip Op 01160)





Matter of Dixon


2020 NY Slip Op 01160


Decided on February 19, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JOHN M. LEVENTHAL, JJ.


2017-06081

[*1]In the Matter of Keisha Dixon, admitted as Keisha Natasha Dixon, a suspended attorney. Grievance Committee for the Ninth Judicial District, petitioner; Keisha Dixon, respondent. (Attorney Registration No. 4080826)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by the service and filing of a notice of petition dated June 22, 2017, and a petition dated June 7, 2017. By decision and order on motion dated February 1, 2018, this Court, inter alia, (1) immediately suspended the respondent from the practice of law; (2) denied the Grievance Committee's motion to deem the charges established based upon the respondent's default in filing an answer; (3) directed the respondent to serve and file an answer to the petition; and (4) referred the matter to the Hon. Alfred J. Weiner, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 18, 2002, under the name Keisha Natasha Dixon.



Gary L. Casella, NY (Antonia Cipollone of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Ninth Judicial District served the respondent with a petition dated June 7, 2017, containing seven charges of professional misconduct. The respondent filed an answer with the Court on February 26, 2018. Subsequently, the Grievance Committee served and filed a statement of facts dated March 15, 2017, pursuant to 22 NYCRR 1240.8(a)(2). After a disciplinary hearing on November 28, 2018, the Special Referee filed a report dated March 19, 2019, in which he sustained all charges. The Grievance Committee now moves to confirm the Special Referee's report, and to impose such discipline as the Court deems just and proper. Although duly served with this motion, the respondent has not served papers in opposition or in response thereto.
Charge one alleges that the respondent misappropriated client funds, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent was a signatory for an attorney special account maintained at Wells Fargo Bank, entitled "DixonLawPC, NY IOLA Attorney Special Account" (hereinafter the trust account), account number ending in 9789, which she used incident to the practice of law. On or about January 30, 2014, the respondent deposited into the trust account a down payment in a real estate transaction in the sum of $38,500 from Jacob Scherman on behalf of her client, Imani Woods. The Woods to Scherman transaction did not proceed to a closing. As of April 16, 2014, the respondent permitted the balance in the trust account to fall to $33,634.89, which is below the amount she was required to maintain on behalf of Woods. By June 2, 2014, the trust account balance was depleted to $1,534.89. As of the date of the [*2]petition, the respondent had failed to return the down payment.
Charge two alleges that the respondent misappropriated client funds, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). In addition to the factual specifications of charge one, between January 30, 2014, and November 15, 2015, the respondent made withdrawals from the trust account, totaling $12,345.88.
Charge three alleges that the respondent misappropriated client funds, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). In addition to the factual specifications of charge one, between July 21, 2014, and January 15, 2015, the respondent transferred the sum of $12,220 from the trust account to a PC business checking account maintained by her at Wells Fargo Bank, account number ending in 0332.
Charge four alleges that the respondent misappropriated client funds, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). In addition to the factual specifications of charge one, between July 3, 2014, and May 4, 2015, the respondent transferred the sum of $5,220.01 from the trust account to a savings account maintained by her at Wells Fargo Bank, account number ending in 2608.
Charge five alleges that the respondent misappropriated client funds, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). In addition to the factual specifications of charge one, between January 27, 2014, and September 4, 2015, the respondent transferred the sum of $81,299 from the trust account to a PC small business checking account maintained by her at Wells Fargo Bank, account number ending in 5740.
Charge six alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0). By letter dated September 26, 2016, the Grievance Committee directed the respondent to provide bank statements for the account into which the Woods down payment was deposited from the date the funds were deposited through the present. This letter was returned by the post office. After obtaining a correct address, on October 7, 2016, the Grievance Committee resent the September 26th letter to the respondent and directed her to provide the requested bank statements by October 17, 2016. The respondent failed to do so. Thereafter, the respondent requested and was granted additional time to respond until November 28, 2016. In December 2016, and January 2017, the Grievance Committee sent additional letters requesting the respondent, inter alia, to provide the bank statements. The respondent has failed to provide the records to the Grievance Committee.
Charge seven alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0). On January 26, 2017, the respondent was served with a judicial subpoena and a judicial subpoena duces tecum requiring her appearance together with the requested documents on February 2, 2017, at the Grievance Committee offices. Although the respondent appeared on February 2, 2017, she did not produce the requested documents, and, to date, has failed to do so.
In view of the respondent's admissions and the evidence adduced at the hearing, we agree with the Special Referee's determination to sustain all charges. Accordingly, the Grievance Committee's unopposed motion to confirm the report of the Special Referee is granted.
In determining the appropriate measure of discipline, a review of the record confirms that the respondent intentionally misappropriated the Woods down payment funds for her own use, failed to make restitution of those funds, and failed to cooperate with the Grievance Committee's investigation. We have also considered, as an aggravating factor, the respondent's prior disciplinary history (two Admonitions), which reflects, among other things, her failure to abide by the rules governing the maintenance of attorney trust accounts.
Under the totality of circumstances, we find disbarment is warranted, and effective immediately, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and LEVENTHAL JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Keisha Dixon, admitted as Keisha Natasha Dixon, a suspended attorney, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Keisha Dixon, admitted as Keisha Natasha Dixon, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Keisha Dixon, admitted as Keisha Natasha Dixon, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Keisha Dixon, admitted as Keisha Natasha Dixon, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court