Matter of Berg (2021 NY Slip Op 04602)





Matter of Berg


2021 NY Slip Op 04602


Decided on August 4, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
FRANCESCA E. CONNOLLY, JJ.


2019-05527

[*1]In the Matter of Freddie J. Berg, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Freddie J. Berg, respondent. (Attorney Registration No. 2343838)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. Pursuant to 22 NYCRR 1240.8, the Grievance Committee commenced a disciplinary proceeding against the respondent by personally serving him with a notice of petition dated May 20, 2019, and a verified petition dated May 17, 2019. The respondent filed an answer to the verified petition on June 17, 2019. Subsequently, the Grievance Committee submitted a statement of disputed and undisputed facts dated August 1, 2019. By decision and order on motion dated December 3, 2019, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 1240.9, based upon uncontroverted evidence of the respondent's misappropriation of client funds, and the matter was referred to David I. Ferber, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on May 7, 1990.



Diana Maxfield Kearse, Brooklyn, NY (Susan Korenberg and Mark F. Dewan of counsel), for petitioner.
Freddie J. Berg, Brooklyn, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated May 17, 2019, containing two charges of professional misconduct. Following a hearing on March 16, 2020, the Special Referee submitted a report dated July 8, 2020, in which he sustained the charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. Although duly served with the Grievance Committee's motion, the respondent has not submitted papers in response or requested additional time in which to do so.
The Petition
Charge one alleges that the respondent engaged in a pattern and practice of misappropriating funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) and (b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
Park Matter
In or about September 2016, the respondent represented ZJS Holding Corporation (hereinafter ZJS) in connection with the sale of two properties located at 149-39 and 149-43 12th Avenue, Whitestone, New York, to Byoung Hee Park (hereinafter Park). In or about September 2016, the respondent received three cashier's checks from Park, totaling $400,000, representing the down payments for the sale of the properties. Pursuant to the contract of sale, the down payments were to be held by the respondent in "escrow in a segregated bank account." Despite this, on September 19, 2016, Park's down payments were deposited into the respondent's operating account at Citibank, ending in 1835, entitled "Berg Law Firm LLC, Operating Account, 88-34 Sutphin Blvd., Jamaica, NY 11435," a non-escrow account (hereinafter Citibank operating account). Moreover, although the ZJS transactions fell through, Park has not received a refund of her down payments, and the respondent no longer has Park's funds.
Simpson Matter
In or about February 2017, the respondent represented 4301 Church Ave Corp. in the sale of real estate to Moshe Simpson, principal of Urban Equity Partners, Inc. Pursuant to the contract of sale, Simpson's down payment of $90,000 was to be held by the respondent in "escrow in a segregated bank account at Capital One Bank, Jamaica and Sutphin Branch until closing or sooner termination" of the contract. On or about February 24, 2017, Simpson's attorney wired the $90,000 down payment to the respondent's operating account at Capital One Bank, ending in 6342, entitled "Berg Law Firm, LLC., 88-34 Sutphin Blvd., Jamaica, New York 11435," a non-escrow account (hereinafter Capital One operating account). Immediately prior to the deposit, the account balance in the Capital One operating account was negative $920.81, and as a result, upon deposit of the $90,000 down payment funds, the balance in the Capital One operating account was $89,079.19. Thereafter, by March 31, 2017, prior to any disbursements in the Simpson matter, the balance in the Capital One operating account had been depleted to $5,312.60, and by November 30, 2017, prior to any disbursements in the Simpson matter, the balance had been depleted to negative $403.74.
Murell-Baker Matter
On April 3, 2017, a settlement check in the amount of $149,899.53, payable to Setereus, Inc., and the respondent's client Michele Murell-Baker, was deposited into the respondent's Capital One operating account. Thereafter, prior to any disbursements on behalf of Murell-Baker, the balance in the Capital One operating account had been depleted to $138,490.42 by April 4, 2017, and negative $444.70 by May 11, 2017.
Bruce Matter
In or about August 2017, the respondent represented Jimmy Bruce in the purchase of real property from Orquida Bautista. On August 23, 2017, a wire transfer in the amount of $205,000 was deposited into the respondent's Capital One operating account, representing a down payment from Bruce. The Bruce deposit brought the balance in the Capital One operating account to $206,048. On August 24, 2017, $9,500 was transferred from the Capital One operating account into the Citibank operating account for purposes unrelated to the Bruce transaction. On August 24, 2017, there was a wire transfer from the respondent's Capital One operating account for $2,475 to Tony Bruce, Jimmy Bruce's son. On August 24, 2017, there was a second wire transfer from the respondent's Capital One operating account for $160,000 to Orquida Bautista, the seller in the Bruce transaction. The remaining $33,025 was used, in part, for the respondent's office operating expenses, garnishments, and court fees. Thereafter, the Bautista/Bruce contract was cancelled; however, Jimmy Bruce has not received a refund of any portion of his down payment.
Lu Matter
On April 26, 2018, a check for $65,000 was deposited into the respondent's Capital One operating account from Xiao Chun Lu, representing a contract deposit for the sale of 181 Newport Street, Brooklyn, New York. By May 3, 2018, prior to any disbursements on behalf of the Lu transaction, the balance in the operating account had been depleted to $35.
Lin Matter
On April 17, 2018, a $50,000 cashier's check was deposited into the respondent's Capital One operating account from Hui Lin. On April 18, 2018, another $40,000 was deposited into [*2]the same operating account from Chao Lin on behalf of the same transaction. On April 19, 2018, prior to any disbursements on behalf of the Lin transaction, the balance in the Capital One operating account had been depleted to $557.40.
Singh Matter
In or about May 2016 and August 2016, the respondent received two checks from a client, Arjan Singh, in the amounts of $25,000 and $3,500, respectively, representing down payments in a real estate transaction. Both checks were deposited into a non-escrow operating account belonging to the respondent.
Charge two alleges that the respondent neglected a legal matter entrusted to him, in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: In or about 2017, the respondent was retained to represent Ana Neira in a foreclosure matter after her property had been sold at auction. Neira paid the respondent $5,000 to file a motion to vacate the foreclosure. To date, the respondent has failed to file a motion to vacate the foreclosure.
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained all charges. The Grievance Committee's motion to confirm the report of the Special Referee is granted.
In considering the appropriate sanction to impose, we find the respondent committed serious professional misconduct by failing to abide by the rules governing attorney accounts, which resulted in the misappropriation of substantial funds entrusted to him as a fiduciary. The respondent improperly deposited funds entrusted to him as a fiduciary into various business operating accounts
and thereafter depleted the funds for his own personal use. In total, the respondent misappropriated funds in excess of $950,000, and failed to account for $605,000 entrusted to him in connection with the Park and Bruce matters. The respondent admits that Park and Bruce never received the monies owed to them, and that he no longer has their funds in his possession. Notwithstanding the multiple violations of his fiduciary responsibilities, the respondent has failed to offer evidence in mitigation.
Under the totality of the circumstances, we find disbarment is warranted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law (see Matter of Dixon, 182 AD3d 97; Matter of Duffy, 117 AD3d 124).
LASALLE, P.J, MASTRO, RIVERA, DILLON and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Freddie J. Berg, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Freddie J. Berg, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Freddie J. Berg, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Freddie J. Berg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court